IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

FILED
JUN 05 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

Andrew Lee Knox

Pro Se Plaintiff,

vs.

Hardin County Municipal Court

111 W Franklin St, Kenton, OH 43326

Judge Gregory A. Grimslid, in his official capacity

Hardin County Municipal Court

111 W Franklin St, Kenton, OH 43326

Clerk Emily Kissling, in her official capacity

Hardin County Municipal Court

111 W Franklin St, Kenton, OH 43326

Prosecutor Andrew Tudor, in his official capacity

Hardin County Prosecutor's Office

1 Courthouse Square, Suite 50, Kenton, OH 43326

Defendant(s).

Case No: 3:25 CV 1174

Judge: JUDGE KNEPP

MAG JUDGE CLAY

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

1

## **PARTIES**

1) Plaintiff Andrew Knox is a Deaf individual and a resident of Russells Point, Ohio. Plaintiff is legally disabled and is therefore a member of a protected class under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12102(1)–(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 35.101 et seq. Plaintiff primarily communicates using American Sign Language (ASL) and experiences substantial limitations in hearing and verbal communication, making the provision of effective communication access legally required under federal law.

Defendants are:

2) Hardin County Municipal Court, a political subdivision of the State of Ohio and a public entity subject to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131(1)(B), and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. The court fails to display any ADA statement on its public website, and its website is not accessible or compliant with federal ADA requirements.

3) Judge Gregory A. Grimslid, sued in his official capacity as a judicial officer of the Hardin County Municipal Court. Judge Grimslid was the presiding judge at the time of the events giving rise to this complaint.

4) Clerk Emily Kissling, sued in her official capacity as the Clerk of Court for the Hardin County Municipal Court. Clerk Kissling and her staff denied Plaintiff's request for an ASL interpreter by refusing to accept accommodation requests by phone or email, requiring Plaintiff to appear in person without access. This denied Plaintiff his right to effective communication under the ADA.

5) Prosecutor Andrew Tudor, sued in his official capacity as the prosecuting attorney for the Hardin County Municipal Court. Although present during Plaintiff's appearance, he failed to object to the court proceeding without an ASL interpreter or advocate for Plaintiff's communication access, despite observing the ongoing violation., sued in his official capacity as the prosecuting attorney handling matters before the Hardin County Municipal Court. Prosecutor Tudor was present and failed to take corrective action when Plaintiff's rights were

being violated. in his official capacity as prosecuting attorney for Hardin County Municipal Court.

## JURISDICTION

6) This Court has subject matter jurisdiction over this action pursuant to:
   a) 28 U.S.C. § 1331, as this action arises under federal law;
   b) Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq.), including its implementing regulations at 28 C.F.R. § 35.160;
   c) The ADA Technical Assistance Manual (Section II-3.6200), which provides interpretive guidance requiring public entities to accept accommodation requests in accessible formats;
   d) Section 504 of the Rehabilitation Act (29 U.S.C. § 794);
   e) 42 U.S.C. § 1983, for deprivation of civil rights under color of state law;
   f) Ohio Revised Code § 4112.02(G), prohibiting denial of access to public services due to disability.

7) Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Hardin County, which lies within this judicial district.

8) The Supreme Court held in *Tennessee v. Lane*, 541 U.S. 509 (2004), that Title II of the ADA applies to state courts and ensures meaningful access to judicial services for individuals with disabilities. In *United States v. Georgia*, 546 U.S. 151 (2006), the Court confirmed that public entities, including state and local courts, can be sued for violations of the ADA when they deny qualified individuals access to government services due to disability.

9) Therefore, jurisdiction is proper under federal law, and venue lies appropriately in this Court.

## ALLEGATIONS

10) On May 17, 2025, Plaintiff Andrew Knox, a Deaf individual, was issued a traffic citation by a state trooper for a window tint violation. Although the citation was considered minor and did not require a court appearance because it was designated as a waiver appearance, Plaintiff

elected to appear in person on May 27, 2025, at Hardin County Municipal Court to seek clarification regarding the legal basis and applicable laws related to the citation.

11) On or about May 19, 2025, and May 21, 2025, Plaintiff contacted the Municipal Court by phone at (419) 674-4362, using an American Sign Language (ASL) interpreter through a relay service, to request a qualified ASL interpreter for his May 27, 2025, hearing. These requests were made more than seven business days in advance, consistent with federal law requiring public entities to ensure effective communication (28 C.F.R. § 35.160).

12) Despite this, Plaintiff was informed by court staff that the court does not accept accommodation requests by phone or email, and that the 'standard procedure' requires individuals to appear in person—without any communication access—to request an ASL interpreter or to reschedule a hearing. This policy placed an undue burden on Plaintiff as a Deaf individual and directly violated the ADA Technical Assistance Manual (Section II-3.6200), which makes clear that public entities must accept accommodation requests through accessible means, including phone and email. Requiring an in-person request without providing initial access contradicts the very purpose of the ADA's communication access mandates.

13) On or about May 22, 2025, Plaintiff filed a complaint with the Ohio Supreme Court Language Services Section. Bruno Romero, the Section's representative, personally contacted the Municipal Court to discuss the Plaintiff's concerns. Mr. Romero stated *"I called the court to see if we could settle this over the phone. Regrettably, the court refused to change their process. Since we want them to change their practice, a letter is necessary to address the issue."* This exchange confirms the court's continued resistance to even informal efforts to comply with disability access requirements. It also demonstrates a deliberate refusal to accommodate Deaf individuals, in violation of Title II of the ADA (42 U.S.C. § 12131 et seq.); 28 C.F.R. § 35.160 – obligation to ensure effective communication; ADA Technical Assistance Manual, Section II-3.6200 – requirement to accept accommodation requests by phone or other accessible methods; and Ohio Revised Code § 4112.02(G) prohibition on denying access to public services based on disability.

14) On or about May 27, 2025, Plaintiff arrived at the Hardin County Municipal Courthouse for his scheduled hearing. Upon approaching the Clerk's window, he informed the staff that he was Deaf and requested communication access. Instead of responding appropriately, a Clerk

4

staff member immediately displayed visible hostility, rolled her eyes, and insisted that Plaintiff should "read her lips," despite being clearly told that he could not hear. When Plaintiff politely requested the information be written down—a simple and reasonable accommodation—the staffer responded with clear irritation, an aggressive tone, and open disdain, demonstrating an outright refusal to accommodate his disability. Eventually, the staff member handed Plaintiff a handwritten note stating, *"We do not have [an interpreter] here but one will be appointed during court" and "it will happen during court."* This exchange made clear that no advance arrangements had been made, despite Plaintiff's timely request. The interaction was humiliating, exclusionary, and discriminatory. The Clerk's Office had actual knowledge of Plaintiff's disability yet failed to provide even the most basic communication support, in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. § 35.160(b)(1). Courts have held that such failure, when the official is aware of the disability, constitutes intentional discrimination. See *Delano-Pyle v. Victoria County*, 302 F.3d 567, 574 (5th Cir. 2002).

15) On or about May 27, 2025, once inside the courtroom, Plaintiff was again forced to proceed without the assistance of a qualified ASL interpreter. A female officer—believed to be a Probation or Sheriff's Deputy—was present and made informal attempts to help Plaintiff understand the courtroom proceedings with the personal-phone-based note application while also assisting other individuals. However, this officer was not a certified interpreter and was not equipped to facilitate effective, legally compliant communication under federal law. Judge Gregory A. Grimslid communicated with Plaintiff using a phone-based note application and stated that the matter was minor and the court therefore did not arrange for an ASL interpreter. This rationale reflects a serious misapplication of Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq.), which mandates effective communication regardless of the perceived importance of the proceeding.

16) Although Judge Grimslid eventually agreed to reschedule the hearing for June 2, 2025 and assured that a qualified interpreter would be present, the court's initial failure to secure communication access constituted a violation of Plaintiff's rights under the ADA, 28 C.F.R. § 35.160, and Section 504 of the Rehabilitation Act (29 U.S.C. § 794).

17) On May 27, 2025, Plaintiff submitted a formal written complaint to the Hardin County Municipal Court and Prosecutor's Office detailing the denial of a qualified ASL interpreter,

5

the discriminatory conduct by Clerk staff, and the unlawful requirement that accommodations be requested in person—without communication access. The complaint proposed a constructive resolution that included formal acknowledgment of the violation, mandatory ADA training for court personnel, and the implementation of a clear, accessible accommodation policy. In response, the only communication Plaintiff received was a letter signed by Judge Gregory A. Grimslid stating, *"At this time, there is no response to your highlighted proposed settlement terms."* This brief and dismissive reply failed to address any of the documented violations or proposed solutions. It effectively conveyed the Court's unwillingness to recognize or rectify its failure to comply with federal and state disability laws. Such a response, devoid of accountability or remedial action, reinforces the perception that the Hardin County Municipal Court has no intention of upholding its legal obligations under Title II of the ADA, Section 504 of the Rehabilitation Act, and Ohio Revised Code § 4112.02(G). This institutional disregard compounded the emotional harm and exclusion Plaintiff had already endured.

18) On May 28, 2025, the day after Plaintiff submitted his formal complaint, Judge Gregory A. Grimslid recused himself from the matter. No explanation was provided for the recusal. Subsequently, the Ohio Supreme Court assigned a new judge to preside over the underlying citation case. While this reassignment may alter the judicial oversight of the traffic matter, it does not resolve or remedy the civil rights violations Plaintiff experienced on and before May 27, 2025. The judge's recusal—absent acknowledgment of the harm caused—further underscores the lack of institutional accountability within the Hardin County Municipal Court.

19) Plaintiff further alleges that the Hardin County Municipal Court does not publish or make available any Americans with Disabilities Act (ADA) policy, statement of rights, or accommodation procedures on its public-facing website. The absence of such information denies the public — particularly individuals with disabilities — the opportunity to understand their rights, request accommodations in advance, or meaningfully participate in court proceedings. This omission violates the ADA's notice and communication requirements, including 28 C.F.R. § 35.106, which requires public entities to inform individuals of their rights and the availability of auxiliary aids and services.

20) Following these events, Plaintiff filed formal civil rights complaints with multiple agencies, including the U.S. Department of Justice (DOJ), the Ohio Civil Rights Commission (OCRC), and the Ohio Supreme Court Language Services Section. These filings documented the discriminatory practices of the Hardin County Municipal Court, including its refusal to accept accommodation requests in accessible formats, its failure to provide effective communication during legal proceedings, and the absence of any ADA policy statement or accessibility guidance on the Court's public website. Each complaint emphasized the Court's systemic noncompliance with Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and Ohio Revised Code § 4112.02(G). These omissions further illustrate a failure to notify the public of their rights and to ensure meaningful access for individuals with disabilities. Despite these efforts, no corrective action has been taken by the Court or Defendants, making this civil action necessary to obtain relief and accountability.

## **LEGAL VIOLATIONS**

21) Plaintiff incorporates by reference all prior paragraphs and alleges that the actions and omissions of Defendants constitute multiple violations of federal and state disability rights laws, including:

a) Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq. Defendants, as public officials and a public entity, failed to provide effective communication and reasonable accommodations to a qualified individual with a disability, in violation of their obligations under Title II and its implementing regulations, including 28 C.F.R. § 35.160.

b) In *Tennessee v. Lane*, 541 U.S. 509 (2004), the United States Supreme Court confirmed that Title II of the ADA validly abrogates state sovereign immunity in cases involving access to the courts. The Court held that public entities must ensure individuals with disabilities have meaningful access to judicial services and proceedings, reinforcing that the denial of effective communication constitutes a constitutional violation under the Fourteenth Amendment and actionable civil rights infringement.

c) Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794: As recipients of federal funding, Defendants were obligated to provide meaningful access to programs and

7

services for individuals with disabilities. Their failure to accommodate Plaintiff and their refusal to modify policies or procedures violated this statute.

d) 28 C.F.R. § 35.106: Defendants failed to provide public notice of the rights of individuals under the ADA or identify how to request accommodations, including on their website, as required under federal regulation.

e) ADA Technical Assistance Manual, Section II-3.6200: The Court's refusal to accept accommodation requests by phone or email contravenes federal guidance mandating that public entities must accept such requests in accessible formats.

f) 42 U.S.C. § 1983: By acting under color of state law to deny Plaintiff his rights to effective communication, meaningful access to judicial proceedings, and equal protection, Defendants violated Plaintiff's civil rights under the U.S. Constitution and federal law.

g) Ohio Revised Code § 4112.02(G): Defendants' conduct constituted unlawful discrimination by a political subdivision in the denial of access to a public service based on disability.

h) In *Delano-Pyle v. Victoria County*, 302 F.3d 567, 574 (5th Cir. 2002), the court held that intentional discrimination under the ADA occurs when officials know about a person's disability and fail to provide accommodations. Defendants were aware of Plaintiff's Deafness but still refused to provide basic communication access, constituting intentional discrimination under Title II of the ADA.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Andrew Knox, proceeding pro se, respectfully demands that this Court grant the following relief to remedy the ongoing and egregious violations of his federally protected rights:

1) Declaratory Judgment: A judicial declaration that Defendants' conduct—including but not limited to the refusal to accept accommodation requests via accessible means, the failure to provide timely and effective communication, and the absence of public-facing ADA policies—constitutes unlawful discrimination under:

   a) Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.;

b) Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794;

c) Ohio Revised Code § 4112.02(G); and

d) Related federal regulations and judicial interpretations, including *Delano-Pyle v. Victoria County*, 302 F.3d 567, 574 (5th Cir. 2002) *and Tennessee v. Lane*, 541 U.S. 509 (2004).

2) Permanent Injunctive Relief: An order compelling the Hardin County Municipal Court and all named officials, in their official capacities, to:

a) Immediately revise all policies and procedures to allow accommodation requests through phone, email, relay services, or any accessible means of communication;

b) Publicly post and maintain an ADA-compliant statement of rights and accommodation procedures on the court's website, in accordance with 28 C.F.R. § 35.106;

c) Institute mandatory annual ADA and communication access training for all court personnel, including clerks and prosecutors, with content specific to Deaf and hard-of-hearing individuals;

d) Appoint an ADA coordinator to oversee compliance and respond to access concerns going forward.

3) Compensatory Damages: An award of not less than $100,000 in compensatory damages for the emotional distress, public humiliation, frustration, and mental anguish caused by Defendants' ongoing failure to uphold basic civil rights and ensure equal access to justice.

4) Costs and Attorneys' Fees: An award of litigation costs, court fees, and—if counsel is retained—reasonable attorney's fees pursuant to 42 U.S.C. § 12205 and 29 U.S.C. § 794a(b), to ensure that Plaintiff is not financially burdened for vindicating his statutory rights.

5) Any Other Relief Deemed Just and Proper: Such additional and equitable relief as the Court may deem appropriate to prevent future violations and ensure systemic compliance with federal disability law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable as a matter

## VERIFICATION

I, Andrew Knox, declare under penalty of perjury under the laws of the United States of America that the foregoing Complaint is true and correct to the best of my knowledge, information, and belief.

Executed on this 5th day of June 2025.

*Andrew Knox* (signature)

Andrew Lee Knox