Knox v. Hardin County Municipal Court, et al.          Case No. 3:25-cv-1174

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | |
|---|---|
| ANDREW LEE EUGENE KNOX,<br><br>    Plaintiff,<br><br>vs.<br><br>HARDIN COUNTY MUNICIPAL COURT,<br>et al.,<br><br>    Defendants. | Case No. 3:25-cv-1174<br><br>Judge Knepp<br><br>Mag. Judge Clay<br><br>**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

FILED AUG 13 2025 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF OHIO TOLEDO

**IN THE EVENT THE COURT DISMISSES HARDIN COUNTY MUNICIPAL COURT AS NOT SUI JURIS**

Plaintiff Knox, proceeding pro se, respectfully moves this Court, pursuant to Federal Rules of Civil Procedure 15(a)(2) and 21, for leave to file a Second Amended Complaint to substitute the City of Kenton in place of the Hardin County Municipal Court ("HCMC") as a defendant, in the event the Court determines HCMC is not sui juris and therefore not a proper party.

### I. BASIS FOR THIS MOTION

1. Plaintiff filed this civil rights action under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq., Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794, and the Fourteenth Amendment Due Process Clause, as enforced through 42 U.S.C. § 1983.

2

Case: 3:25-cv-01174-JRK Doc #: 28 Filed: 08/13/25 2 of 5. PageID #: 258

Knox v. Hardin County Municipal Court, et al.                    Case No. 3:25-cv-1174

2. The Amended Complaint named the Hardin County Municipal Court as a defendant because it was the public entity directly involved in the alleged denial of effective communication and meaningful access to a court proceeding.

3. Defendants Clerk Emily Kissling and Hardin County Municipal Court represented by counsels Spengler Nathanson P.L.L. now move to dismiss HCMC on the ground that it is not sui juris under Ohio law.

4. If the Court accepts that argument, dismissal without substitution would improperly elevate form over substance, as the claims are substantively directed at the governmental entity responsible for funding, administering, and overseeing the operations of the Municipal Court.

5. The City of Kenton exercises administrative and financial oversight of HCMC and receives federal financial assistance, thereby subjecting it to liability under Section 504 and Title II of the ADA.

6. This financial relationship is confirmed in Exhibit S-4/5 to Plaintiff's filings, which includes a communication from Clerk Emma Nelson of the City of Kenton stating that the City of Kenton receives federal funding and has financial responsibility for the Hardin County Municipal Court, including payments made from the Special Projects Fund.

7. Further, Exhibit U contains the official list of federal awards received by both Hardin County and the City of Kenton, corroborating that these entities benefit from federal funding and therefore fall under the scope of Section 504.

Case: 3:25-cv-01174-JRK Doc #: 28 Filed: 08/13/25 3 of 5. PageID #: 259

Knox v. Hardin County Municipal Court, et al.                Case No. 3:25-cv-1174

8. Substitution of the City of Kenton will not prejudice Defendants. The core allegations and claims will remain unchanged, and Defendants have been on notice of the factual basis and nature of the claims since the inception of this case.

9. Federal courts have recognized that when a municipal court is not sui juris, the appropriate remedy is to substitute the responsible governmental entity that administers and funds the court. In *Perez v. Camden Municipal Court, No. 14-7473 (RBK/JS) (D.N.J. Dec 19, 2016)*, the court held that "a program or activity includes all operations of the entity that receives federal financial assistance" and concluded that the municipal court's funding entity was the proper defendant for Section 504 purposes. Here, as confirmed in Exhibits S and U, the City of Kenton receives and disburses funds for HCMC and receives federal financial assistance, subjecting it to Section 504 and Title II obligations.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." Rule 21 authorizes the Court to "add or drop a party" or "sever any claim" at any time "on just terms." Courts in this Circuit routinely permit amendment to substitute the proper public entity when a non-suable entity was initially named. See *Courthouse News Serv. v. Foley*, No. 3:23-cv-00329, at *4–5 (S.D. Ohio Jan. 26, 2024) (permitting claims to proceed against individuals or entities properly subject to suit).

The Sixth Circuit has repeatedly affirmed that substitution to name the correct party is favored when it does not alter the substance of the claims and is necessary to prevent dismissal on technical grounds. See *Brown v. Cuyahoga Cty.*, 517 F. App'x 431, 433 (6th Cir. 2013); *Berndt v. Tennessee*, 796 F.2d 879, 884 (6th Cir. 1986).

4

Knox v. Hardin County Municipal Court, et al.                    Case No. 3:25-cv-1174

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that, should the Court find that HCMC is not sui juris, it grant this Motion for Leave to File the attached Second Amended Complaint (Exhibit V), substituting the City of Kenton in place of HCMC as a Defendant, and deeming the Second Amended Complaint filed as of the date of the Court's Order. Such substitution is consistent with *Perez v. Camden Municipal Court* and Sixth Circuit precedent, which favor substitution of the correct responsible governmental entity to avoid dismissal based on form rather than substance.

A proposed Second Amended Complaint is attached for the Court's convenience. *See Exhibit V.*

Respectfully submitted,

/s/ Andrew Knox
ANDREW KNOX
P.O. Box 344
Russells Point, Ohio 43348
knox.andrew19@gmail.com
Plaintiff, Pro Se
Dated: August 13, 2025

Knox v. Hardin County Municipal Court, et al.            Case No. 3:25-cv-1174

## CERTIFICATE OF SERVICE

I certify that on August 13, 2025, I filed the foregoing Plaintiff's Opposition to Clerk Kissling and Hardin County Municipal Court's Motion to Dismiss and the accompanying Notice of Second Complaint and Motion for Leave to File Second Amended Complaint in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss filed with the United States District Court for the Northern District of Ohio and was also served via email on counsel of record as follows:

**Counsel for Judge Gregory Grimslid and Hardin County Municipal Court:**
Linda L. Woeber & Cooper D. Bowen
Montgomery Jonson LLP
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
Emails: cbowen@mojolaw.com, lwoeber@mojolaw.com

**Counsel for Clerk Emily Kissling and Hardin County Municipal Court:**
Teresa L. Grigsby & Jennifer A. McHugh
Spengler Nathanson P.L.L.
900 Adams Street
Toledo, Ohio 43604
Emails: tgrigsby@snlaw.com, jmchugh@snlaw.com

/s/ Andrew Knox
ANDREW KNOX
P.O. Box 344
Russells Point, Ohio 43348
knox.andrew19@gmail.com
Plaintiff, Pro Se

Dated: August 13, 2025

1