IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

WESTERN DIVISION

| | |
|---|---|
| ANDREW LEE EUGENE KNOX,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF KENTON<br><br><br>JUDGE GREGORY A. GRIMSLID, in his official capacity as Judge of the Hardin County Municipal Court<br><br><br>CLERK EMILY KISSLING, in her official capacity as Clerk of the Hardin County Municipal Court.<br><br>Defendants. | Case No. 3:25-cv-1174<br><br><br>Judge Knepp<br><br>Mag. Judge Clay<br><br><br><br><br>**SECOND AMENDED COMPLAINT FOR VIOLATIONS OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT, SECTION 504 OF THE REHABILITATION ACT, AND THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE** |

PRELIMINARY STATEMENT

Plaintiff Andrew Lee Eugene Knox, a Deaf resident of Russells Point, Ohio in Logan County, respectfully submits this Second Amended Complaint against the above-named Defendants under Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983.Plaintiff brings this action under his full legal name, Andrew Lee Eugene Knox, which may have previously appeared in court records as Andrew Knox or Andrew Lee Knox.

1

This action arises from Defendants' unlawful denial of effective communication access during a court proceeding on May 27, 2025—despite Plaintiff's advance requests for accommodation and Defendants' actual knowledge of his disability. Defendants' refusal to provide a qualified American Sign Language ("ASL") interpreter excluded Plaintiff from meaningful participation in his own judicial proceeding, in direct violation of clearly established statutory and constitutional rights.

Defendants' actions were not the result of inadvertence or neglect. They were carried out with deliberate indifference to Plaintiff's rights under the ADA, Section 504, and the Due Process Clause of the Fourteenth Amendment. Plaintiff seeks declaratory and injunctive relief to prevent future violations, compensatory damages for the harm suffered, and such other relief as the Court deems just and proper.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)–(4) because this action arises under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and the Constitution of the United States.

2. Plaintiff's claims under Title II of the ADA, 42 U.S.C. §§ 12131–12134, are authorized by 42 U.S.C. § 12133, which incorporates the remedies, procedures, and rights set forth in Section 504 of the Rehabilitation Act, 29 U.S.C. § 794a.

3. Plaintiff's claims under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, arise from Defendants' receipt of federal financial assistance, as evidenced in Exhibit S-4/5 (statement of Clerk Emma Nelson confirming the City of Kenton's financial responsibility for the Hardin County Municipal Court) and Exhibit U (list of federal awards received by Hardin County and the City of Kenton)

4. This Court has authority to grant declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because all events giving rise to the claims occurred in Hardin County, Ohio, which is within the Northern District of Ohio, Western Division.

6. Sovereign immunity does not bar Plaintiff's claims. Title II of the ADA validly abrogates state immunity for conduct that violates the Fourteenth Amendment. *Tennessee v. Lane*, 541 U.S. 509 (2004); *United States v. Georgia*, 546 U.S. 151 (2006). Moreover, the City of Kenton and the Hardin County Municipal Court are public entities receiving federal financial assistance and are therefore subject to suit under ADA and Section 504 of the Rehabilitation Act. See *Perez v. Camden Municipal Court, No. 14-7473 (RBK/JS) (D.N.J. Dec 19, 2016)*; *Paulone v. City of Frederick*, 787 F. Supp. 2d 360, 374 (D. Md. 2011); *Chisolm v. McManimon*, 275 F.3d 315, 324 (3d Cir. 2001).

## PARTIES

7. Plaintiff Andrew Lee Eugene Knox ("Plaintiff Knox") is a Deaf individual and a resident of Russells Point, Ohio in Logan County. Plaintiff's primary language is American Sign Language (ASL), and he requires the services of a qualified ASL interpreter to ensure effective communication in legal proceedings. Plaintiff graduated from the Rochester Institute of Technology's National Technical Institute for the Deaf (RIT/NTID), a federally funded institution that consistently provides qualified ASL interpreters for Deaf students, staff, and visitors. Plaintiff is otherwise qualified to participate in court proceedings and programs offered by Defendants.

3

Defendants are:

8. City of Kenton ("City") is a municipal corporation organized under the laws of the State of Ohio. The City of Kenton is the governmental entity with financial responsibility for the Hardin County Municipal Court. As confirmed in Exhibit S-4/5, City of Kenton Clerk confirms that City receives and disburses funds for the Court. As shown in Exhibit U, the City and Hardin County receive federal financial assistance, subjecting them to the requirements of Section 504 of the Rehabilitation Act. In *Perez v. Camden Municipal Court, No. 14-7473 (RBK/JS) (D.N.J. Dec 19, 2016)*, the court interpreted the plain language of § 504 to mean that a "program or activity" includes *all operations of the entity that receives federal financial assistance*, citing 29 U.S.C. § 794(b). The *Perez* court further explained that Congress amended § 504 to broaden the scope of what constitutes a program or activity, citing Innovative Health Sys., Inc. v. City of White Plains, 931 F. Supp. 222, 234 (S.D.N.Y. 1996). Applying that same reasoning here, the Hardin County Municipal Court is a program or activity that receives federal funding through the City of Kenton, and Plaintiff has therefore stated a valid claim under § 504 of the Rehabilitation Act.

9. Judge Gregory A. Grimslid ("Judge Grimslid"), sued in his official capacity as a judicial officer of the Hardin County Municipal Court. Judge Grimslid was the presiding judge at the time of the events giving rise to this complaint.

10. Clerk Emily Kissling ("Clerk Kissling"), sued in her official capacity as the Clerk of the Hardin County Municipal Court. Clerk Kissling and her staff denied Plaintiff's request for an ASL interpreter by refusing to accept accommodation requests by phone or email,

4

requiring Plaintiff to appear in person without access. This denied Plaintiff his right to effective communication under the ADA.

## INCORPORATION OF PRIOR EXHIBITS

11. Plaintiff incorporates by reference all exhibits previously filed in this action, including but not limited to those attached to the Original Complaint, First Amended Complaint, and prior motions or oppositions. Any exhibit cited herein that was attached to earlier filings is deemed incorporated as though fully set forth in this Second Amended Complaint. These exhibits remain part of the record and are relied upon to support the factual allegations and legal claims asserted herein.

## FACTUAL ALLEGATIONS

12. On May 17, 2025, Plaintiff Knox, a Deaf individual, was issued a traffic citation by a state trooper for a window tint violation. Although the citation was considered minor and did not require a court appearance because it was designated as a waiver appearance, Plaintiff elected to appear in person on May 27, 2025, at Hardin County Municipal Court to seek clarification regarding the legal basis and applicable laws related to the citation.

13. On or about May 19, 2025, and May 21, 2025, Plaintiff contacted the Municipal Court by phone at (419) 674-4362, using an American Sign Language (ASL) interpreter through a relay service, to request a qualified ASL interpreter for his May 27, 2025, hearing. *See Exhibit E and P.* These requests were made more than seven business days in advance, consistent with federal law requiring public entities to ensure effective communication (28 C.F.R. § 35.160)

5

14. Despite this, Plaintiff Knox was informed by Clerk that the court does not accept accommodation requests by phone or email, and that the 'standard procedure' requires individuals to appear in person—without any communication access—to request an ASL interpreter or to reschedule a hearing. This policy placed an undue burden on Plaintiff as a. Deaf individual and directly violated the ADA Technical Assistance Manual (Section II-3.6200), which makes clear that public entities must accept accommodation requests through accessible means, including phone and email. Requiring an in-person request without providing initial access contradicts the very purpose of the ADA's communication access mandates. *See Exhibit F and I.*

15. On or about May 22, 2025, Plaintiff Knox filed a complaint with the Ohio Supreme Court Language Services Section. Bruno Romero, the Section's representative, personally contacted the Municipal Court to discuss the Plaintiff Knox's concerns. Mr. Romero stated *"I called the court to see if we could settle this over the phone. Regrettably, the court refused to change their process. Since we want them to change their practice, a letter is necessary to address the issue." See Exhibit G.* This exchange confirms the court's continued resistance to even informal efforts to comply with disability access requirements. It also demonstrates a deliberate refusal to accommodate Deaf individuals, in violation of Title II of the ADA (42 U.S.C. § 12131 et seq.); 28 C.F.R. § 35.160 – obligation to ensure effective communication; ADA Technical Assistance Manual, Section II-3.6200 – requirement to accept accommodation requests by phone or other accessible methods; and Ohio Revised Code § 4112.02(G) prohibition on denying access to public services based on disability.

6

16. On or about May 27, 2025, Plaintiff arrived at the Hardin County Municipal Courthouse for his scheduled hearing. Upon approaching the Clerk's window, he informed the staff that he was Deaf and requested communication access. Instead of responding appropriately, Clerk immediately displayed visible hostility, rolled her eyes, and insisted that Plaintiff should "read her lips," despite being clearly told that he could not hear. When Plaintiff politely requested the information be written down—a simple and reasonable accommodation—the staffer responded with clear irritation, an aggressive tone, and open disdain, demonstrating an outright refusal to accommodate his disability. Eventually, Clerk handed Plaintiff a handwritten note stating, "*We do not have [an interpreter] here but one will be appointed during court*" and "*it will happen during court.*" *See Exhibit G and I.* This exchange made clear that no advance arrangements had been made, despite Plaintiff's timely request. The interaction was humiliating, exclusionary, and discriminatory. The Clerk's Office had actual knowledge of Plaintiff's disability yet failed to provide even the most basic communication support, in violation of Title of the Americans with Disabilities Act, 42 U.S.C. § 12132, and its implementing regulation, 28 C.F.R. § 35.160(b)(1). Courts have held that such failure, when the official is aware of the disability, constitutes intentional discrimination. See *Delano-Pyle v. Victoria County*, 302 F.3d 567, 574 (5th Cir. 2002).

17. On or about May 27, 2025, once inside the courtroom, Plaintiff was again forced to proceed without the assistance of a qualified ASL interpreter. A female officer—believed to be a Probation Officer or Bailliff—was present and made informal attempts to help Plaintiff understand the courtroom proceedings with the personal-phone-based note application while also assisting other individuals. However, this officer was not a

7

certified interpreter and was not equipped to facilitate effective, legally compliant communication under federal law. Judge Gregory A. Grimslid communicated with Plaintiff using a phone-based note application and stated that the matter was minor and the court therefore did not arrange for an ASL interpreter. This rationale reflects a serious misapplication of Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq.), which mandates effective communication regardless of the perceived importance of the proceeding. *See Exhibit J.*

18. Although Judge Grimslid eventually agreed to reschedule the hearing for June 2, 2025 and a qualified interpreter would be present, the court's initial failure to secure communication access constituted a violation of Plaintiff's rights under the ADA, 28 C.F.R. § 35.160, and Section 504 of the Rehabilitation Act (29 U.S.C. § 794).

19. On May 27, 2025, Plaintiff submitted a formal written complaint to the Hardin County Municipal Court and Prosecutor's Office detailing the denial of a qualified ASL interpreter, the discriminatory conduct by Clerk, and the unlawful requirement that accommodations be requested in person—without communication access. The complaint proposed a constructive resolution that included formal acknowledgment of the violation, mandatory ADA training for court personnel, and the implementation of a clear, accessible accommodation policy. In response, the only communication Plaintiff received was a letter signed by Judge Gregory A. Grimslid stating, *"At this time, there is no response to your highlighted proposed settlement terms."* This brief and dismissive reply failed to address any of the documented violations or proposed solutions. It effectively conveyed the Court's unwillingness to recognize or rectify its failure to comply with federal and state disability laws. Such a response, devoid of accountability or remedial

8

action, reinforces the perception that the Hardin County Municipal Court has no intention of upholding its legal obligations under Title II of the ADA, Section 504 of the Rehabilitation Act, and Ohio Revised Code § 4112.02(G). This institutional disregard compounded the emotional harm and exclusion Plaintiff had already endured.

20. On May 28, 2025, the day after Plaintiff submitted his formal complaint, Judge Gregory A. Grimslid recused himself from the matter. No explanation was provided for the recusal. Subsequently, the Ohio Supreme Court assigned a new judge to preside over the underlying citation case. While this reassignment may alter the judicial oversight of the traffic matter, it does not resolve or remedy the civil rights violations Plaintiff experienced on and before May 27, 2025. The judge's recusal—absent acknowledgment of the harm caused—further underscores the lack of institutional accountability within the Hardin County Municipal Court.

21. Plaintiff further alleges that the Hardin County Municipal Court does not publish or make available any Americans with Disabilities Act (ADA) policy, statement of rights, or accommodation procedures on its public-facing website. The absence of such information denies the public — particularly individuals with disabilities — the opportunity to understand their rights, request accommodations in advance, or meaningfully participate in court proceedings. This omission violates the ADA's notice and communication requirements, including 28 C.F.R. § 35.106, which requires public entities to inform individuals of their rights and the availability of auxiliary aids and services.

22. The City of Kenton receive federal financial assistance, making them subject to the requirements of Section 504 of the Rehabilitation Act. Exhibits S confirm that the City of

9

Kenton is financially responsible for the Court, and Exhibit U shows the list of federal awards received.

## COUNT I
## DEFENDANTS VIOLATED TITLE II OF THE AMERICANS WITH DISABILITIES ACT

23. Plaintiff re-alleges and incorporates by reference paragraphs 1-21 as though fully set forth herein.

24. Title II of the Americans with Disabilities Act provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

25. Defendants are "public entities" within the meaning of 42 U.S.C. § 12131(1) because they are instrumentalities of state or local government.

26. The services, programs, and activities of a municipal court—including proceedings on traffic citations—fall squarely within the scope of Title II. See *Tennessee v. Lane*, 541 U.S. 509, 523 (2004) ("[T]itle II … unambiguously extends to the class of cases alleging discrimination by public entities in the provision of public services, including judicial services.").

27. Plaintiff is a "qualified individual with a disability" under 42 U.S.C. § 12131(2) because he is Deaf, communicates primarily in American Sign Language, and meets the essential eligibility requirements for participation in the services, programs, and activities of the Hardin County Municipal Court.

28. Defendants had actual knowledge of Plaintiff's disability and his request for an ASL interpreter more than seven business days before the May 27, 2025 hearing, yet failed to

10

provide timely and effective auxiliary aids and services as required by 28 C.F.R. § 35.160(a)(1)–(b)(1).

29. The refusal to accept accommodation requests by phone or email, and the policy requiring Deaf litigants to appear in person without communication access to request interpreters, constitutes a violation of the ADA's implementing regulations and the ADA Technical Assistance Manual § II-3.6200.

30. Federal courts have held that such failures constitute intentional discrimination. See *Chisolm v. McManimon*, 275 F.3d 315, 327–28 (3d Cir. 2001) (holding municipal court clerk liable under Title II for failing to provide interpreter); *Paulone v. City of Frederick*, 787 F. Supp. 2d 360, 374 (D. Md. 2011) (failure to provide auxiliary aids and services to a Deaf individual states a claim under the ADA).

31. As a direct and proximate result of Defendants' conduct, Plaintiff suffered humiliation, emotional distress, exclusion from meaningful participation in his own hearing, and denial of his statutory rights, which continues to suffer emotional distress and damages due Defendants' violations of Title II of the ADA.

## COUNT II
## DEFENDANTS VIOLATED SECTION 504 OF THE REHABILITATION ACT OF 1973

32. Plaintiff re-alleges and incorporates by reference paragraphs 1–30 as though fully set forth herein.

33. Plaintiff Knox is an individual with a disability qualified under Section 504. His Deafness substantially limits major life activities, including hearing, speaking, and communicating in American Sign Language (ASL). He is qualified to participate in court proceedings and other services offered by Defendants.

11

34. Defendants failed to provide Plaintiff with an ASL interpreter to the court proceedings held on May 27, 2025.

35. Section 504 provides that "[n]o otherwise qualified individual with a disability... shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

36. "Program or activity" includes "all of the operations of... a department, agency, special purpose district, or other instrumentality of a State or of a local government... any part of which is extended Federal financial assistance." 29 U.S.C. § 794(b).

37. As confirmed in Exhibits S, the City of Kenton is financially responsible for the operations of the Hardin County Municipal Court, including payments from the Special Projects Fund. As shown in Exhibit U, both the City and Hardin County have received Federal financial assistance.

38. As the court explained in *Perez v. Camden Municipal Court, No. 14-7473 (RBK/JS) (D.N.J. Dec 19, 2016)*, "[t]his Court reads the plain language of § 504 to state that a program or activity includes all operations of the entity that receives federal financial assistance" and that Congress has "broaden[ed] the scope of what constitutes a program or activity."

39. Because the City of Kenton receive Federal financial assistance, all of their operations—including the Hardin County Municipal Court—are subject to Section 504's mandates.

40. Defendants' conduct as alleged herein violated Section 504 by excluding Plaintiff from participation in, and denying him the benefits of, a judicial service solely because of his disability.

12

41. As a direct and proximate result of these violations, Plaintiff suffered damages as described above.

## COUNT III
## DEFENDANTS VIOLATED FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION (DUE PROCESS CLAUSE) VIA 42 U.S.C. § 1983

42. Plaintiff re-alleges and incorporates by reference paragraphs 1–38 as though fully set forth herein.

43. The Due Process Clause of the Fourteenth Amendment guarantees individuals the right to be meaningfully heard in judicial proceedings. Denying communication access to a Deaf litigant deprives them of this right.

44. By failing to provide effective communication during Plaintiff's May 27, 2025 hearing, Defendants deprived Plaintiff of the ability to understand, participate in, and meaningfully engage in the proceeding.

45. This conduct constitutes a violation of Plaintiff's clearly established constitutional rights, actionable under 42 U.S.C. § 1983.

46. As a direct and proximate result of Defendants' unconstitutional actions, Plaintiff suffered damages, humiliation, and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Knox proceeding *pro se*, respectfully requests that this Honorable Court:

47. Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendants' practices, policies and procedures have subjected

13

Plaintiff to discrimination in violation of Section 504 of the Rehabilitation Act, and Title II of the Americans with Disabilities Act.

48. Enter permanent injunctive relief requiring the Hardin County Municipal court and its officials to:
    1. Accept accommodation requests via phone, email, relay services, or other accessible means;
    2. Publicly post ADA rights and accommodations procedures as required under 28 C.F.R. § 35.106;
    3. Provide annual training for all court staff on ADA compliance;
    4. Designate an ADA Coordinator to ensure future compliance.

49. Award compensatory damages in amount of $100,000, pursuant to 42 U.S.C. § 12133, 29 U.S.C. § 794a(a)(2), and 42 U.S.C. § 1983, to redress the emotional distress, public humiliation, frustration, and loss of dignity Plaintiff suffered as a result of Defendants' unlawful and discriminatory conduct.

50. Award costs and attorneys' fees under 42 U.S.C. § 12205 and 29 U.S.C. § 794a(b), to ensure Plaintiff is not financially burdened for enforcing his civil rights.

51. Grant any other relief the Court deems just and proper to fully remedy the harm and ensure ongoing compliance with federal disability law and constitutional guarantees.

## REQUEST FOR BENCH TRIAL

Pursuant to Federal Rule of Civil Procedure 39(a) and this Court's inherent authority, Plaintiff respectfully requests that all issues of fact in this action be tried before the Court without a jury. Plaintiff makes this request in light of the nature of the claims, the equitable relief

sought, and the Court's capacity to resolve factual and legal issues efficiently and without prejudice.

Respectfully submitted,

/s/ Andrew Knox
ANDREW KNOX
P.O. Box 344
Russells Point, Ohio 43348
knox.andrew19@gmail.com
Plaintiff, Pro Se
Dated: August 13, 2025

15

## CERTIFICATE OF SERVICE

I certify that on August 13, 2025, I filed the foregoing Plaintiff's Opposition to Clerk Kissling and Hardin County Municipal Court's Motion to Dismiss and the accompanying Notice of Second Complaint and Motion for Leave to File Second Amended Complaint in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss filed with the United States District Court for the Northern District of Ohio and was also served via email on counsel of record as follows:

**Counsel for Judge Gregory Grimslid and Hardin County Municipal Court:**
Linda L. Woeber & Cooper D. Bowen
Montgomery Jonson LLP
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
Emails: cbowen@mojolaw.com, lwoeber@mojolaw.com

**Counsel for Clerk Emily Kissling and Hardin County Municipal Court:**
Teresa L. Grigsby & Jennifer A. McHugh
Spengler Nathanson P.L.L.
900 Adams Street
Toledo, Ohio 43604
Emails: tgrigsby@snlaw.com, jmchugh@snlaw.com

/s/ Andrew Knox
ANDREW KNOX
P.O. Box 344
Russells Point, Ohio 43348
knox.andrew19@gmail.com
Plaintiff, Pro Se

Dated: August 13, 2025

16