## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**ANDREW LEE EUGENE KNOX,**                    CASE NO. 3:25 CV 1174

      Plaintiff,

      v.                                            JUDGE JAMES R. KNEPP II

**HARDIN COUNTY MUNICIPAL**
**COURT, et al.,**
                                                **MEMORANDUM OPINION AND**
      Defendants.                          **ORDER**


### INTRODUCTION

*Pro se* Plaintiff Andrew Lee Eugene Knox ("Plaintiff") filed this action asserting violations of Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, and, under 42 U.S.C. § 1983, a violation of his Fourteenth Amendment due process rights, specifically his right of access to the courts. *See* Doc. 1. He subsequently filed an Amended Complaint, now the operative pleading, naming as Defendants the Hardin County Municipal Court, Municipal Court Judge Gregory A. Grimslid, and Court Clerk Emily Kissling. (Doc. 15).[1] Jurisdiction is proper under 28 U.S.C. § 1331.

Currently pending before the Court are: (1) Plaintiff's Motions for Entry of Default and Default Judgment (Docs. 19, 20); (2) Defendant Judge Grimslid's Motion to Dismiss (Doc. 24); (3) Defendants Hardin County Municipal Court and Kissling's Motion to Dismiss (Doc. 27)); and (3) Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 28). All are fully briefed and decisional. For the reasons set forth below, the Court denies Plaintiff's default motions, grants Defendants' dismissal motions, and denies Plaintiff's motion for leave.

---

1. References herein to Plaintiff's "Complaint" are to this operative pleading.

## BACKGROUND

Plaintiff is a deaf individual; his Complaint pertains to court proceedings in Hardin County Municipal Court regarding a traffic citation. The following facts are taken from Plaintiff's Complaint and, for the purposes of the present motions, accepted as true.

Plaintiff was issued a traffic citation for a window tint violation on May 17, 2025. (Doc. 15, at ¶ 14). That hearing was set for May 27, 2025. *Id.* at ¶ 15. Prior to the hearing, Plaintiff contacted the Municipal Court by telephone using an American Sign Language ("ASL") interpreter relay service and requested an ASL interpreter for his court date. *Id.* He "was informed by court staff that the court does not accept accommodation requests by telephone or email," and the court's standard procedure requires individuals to appear in person to request an ASL interpreter or to reschedule the hearing. *Id.* at ¶ 16. Plaintiff immediately filed a complaint with, and sought assistance from, the Ohio Supreme Court's Language Services Section; however, the Section's representative informed him that the Municipal Court refused to change its procedure for communication accommodation requests such as Plaintiff's. *Id.* at ¶ 17.

Plaintiff appeared for his scheduled hearing on May 27 and "informed the staff that he was Deaf and requested communications access." *Id.* at ¶ 18. The Clerk's window staff member "immediately displayed visible hostility" toward him, told him to read her lips even though he informed her he could not hear, and responded with "clear irritation" as well as "an aggressive tone" after he requested information be written down for him. *Id.* The staff member ultimately handed him a handwritten note, stating "we do not have [an interpreter] here, but one will be appointed during court" and "it will happen during court." *Id.*

Once inside the courtroom, a Municipal Court employee assisted him with "a personal-phone-based notes application," but he was not appointed an official ASL interpreter. *Id.* at ¶ 19.

2

Judge Grimslid also communicated with Plaintiff through a "phone-based note application" and informed him that because the matter was minor, no interpreter was arranged. *Id.* The Judge, however, then continued the May 27 hearing so an interpreter could be present. *See id.* at ¶ 20; *see also* Doc. 24-2 ("Defendant appeared for Court. Defendant is deaf and in need of an [ASL] interpreter. The Court has continued this matter so that an interpreter may be provided for the Defendant.") (capitalization altered); *State of Ohio v. Knox*, No. TRD2501241 (Hardin Cnty. Mun. Ct.).

On the same day (May 27) and before his rescheduled hearing, Plaintiff sent a two-page letter to the Municipal Court and the Prosecutor's Office asserting that, although his traffic matter was continued in order for an ASL interpreter to be secured, "the court's initial refusal to process [his] accommodation request" for an ASL interpreter violated his legal rights. (Doc. 9-7, at 2); *see also* Doc. 15, at ¶ 21. He proposed in his letter to "resolve the matter without formal litigation" by way of a monetary settlement, a formal written acknowledgement of ADA violations, implementation of new policies, and confirmation that no retaliatory action would be taken against him. (Doc. 9-7, at 2-3); *see also* Doc. 15, at ¶ 21.

Judge Grimslid notified Plaintiff that there was no response to his letter. (Doc. 15, at ¶ 21) ("*At this time, there is no response to your highlighted proposed settlement terms.*"). The next day, Judge Grimslid recused himself from Plaintiff's case. *Id.* at ¶ 22.

The docket in the traffic case indicates Plaintiff's rescheduled hearing was held on June 2, 2025, that he waived a defense and was issued a $45.00 fine, and his case was concluded. *See*

Doc. 24-3.[2]

In his Complaint, Plaintiff contends the initial denial of his requests for an ASL interpreter, prior to his initial May 27 hearing, and the Hardin Municipal Court's policies relating to disability accommodation requests (*i.e.*, that they be made in court on the day set for hearing), violate his rights under the ADA, the Rehabilitation Act, and his Fourteenth Amendment due process right of access to the courts. *See* Doc. 15. He sues Defendants in their official capacities. He seeks damages ($100,000) and declaratory and injunctive relief. *Id.* at 15-16 ("Prayer for Relief").

### STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the complaint's legal sufficiency. The Court is required to accept the allegations stated in the complaint as true, while viewing the complaint in a light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Although a complaint need not contain "detailed factual allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

2. Judge Grimslid attaches docketed entries to his motion to dismiss. *See, e.g.*, Doc. 24-2. The Court's docket is also available online at:
https://www.hardincourts.com/recordSearch.php?k=searchForm3320.  The Court may take judicial notice of the facts of another court's docket. *See Lynch v. Leis*, 382 F. 3d 642, 648 n.5 (6th Cir. 2004).

defendant is liable for the misconduct alleged." *Id.*; *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

## DISCUSSION

Default Motions

On July 11, 2025, Plaintiff filed a Motion for Entry of Default and Motion for Default Judgment against all Defendants. (Docs. 19, 20). Defendants have responded to Plaintiff's pleadings in accordance with the Federal Civil Rules and the Court's Orders granting extensions of time, and there is no valid basis to enter default or a default judgment against them. These motions are therefore denied.

Motions to Dismiss

Judge Grimslid moves to dismiss Plaintiff's case for failure to state a claim upon which relief can be granted, mootness, and immunity. (Doc. 24). The Hardin County Municipal Court and Kissling move to dismiss Plaintiff's case on grounds that the Court and Clerk's Office are not *sui juris.* (Doc. 27). These Defendants further adopt and incorporate as their own the arguments presented in Judge Grimslid's motion. *Id.* at 5. For the reasons set forth below, the Court finds Plaintiff's Complaint fails to state a claim upon which relief can be granted and grants Defendants' Motions.

Title II of the ADA prohibits intentional disability discrimination by a public entity or the denial of the benefits of the "services, programs, or activities of a public entity" because of an individual's disability. 42 U.S.C. § 12132. Similarly, Section 504 of the Rehabilitation Act prohibits intentional disability discrimination under "any program or activity receiving Federal financial assistance" or exclusion from participation in any such program or activity "solely by reason of" a disability. 29 U.S.C. § 794(a).

5

To make out a *prima facie* case under both Section 504 of the Rehabilitation Act and Title II of the ADA, a plaintiff must establish that he (1) had a qualifying disability, (2) was otherwise qualified to participate in the public program, service, or activity at issue, and (3) was excluded from participating in the public program or was discriminated against by the public entity because of his or her disability. *See Fritz v. Michigan*, 747 F. App'x 402, 404 (6th Cir. 2018).

In his Motion, Judge Grimslid argues Plaintiff has alleged no plausible claim under the ADA, the Rehabilitation Act, or for the violation of constitutional rights under § 1983 because Plaintiff was not excluded from participation in, or denied the benefits of, the Municipal Court's services, programs, or activities. *See* Doc. 24, at 8-12.[3] That is, Judge Grimslid argues the facts of Plaintiff's Complaint affirmatively disprove the third element of an ADA or Rehabilitation Act claim. Instead, Judge Grimslid's Motion contends, under the facts as pled in Plaintiff's Complaint, Judge Grimslid continued the court hearing so an interpreter could be provided, and Plaintiff was appointed an interpreter (the exact accommodation he requested) when all substantive proceedings in his traffic case took place (i.e., prior to any findings, plea, or fine in the case). *See id.*

In his opposition, Plaintiff does not dispute that he was appointed an interpreter when all substantive proceedings in his traffic citation case took place. But he nonetheless contends, in conclusory terms, "Defendants failed to provide him meaningful access to a municipal court hearing" and the Municipal Court's procedures "failed to provide effective communication"

---

3. The parties do not dispute that Title II and Section 504 apply to Judge Grimslid in his official capacity, Plaintiff had a qualifying disability, or that Plaintiff was "otherwise qualified to participate" in a public program, service, or activity (the Municipal Court's proceedings).

because he was not provided an interpreter prior to the June hearing despite his previous express request. (Doc. 25, at 3-4).

Upon review, the Court agrees with Judge Grimslid that Plaintiff's Complaint fails to state a plausible federal claim.

The ADA and its regulations do not give a deaf individual an absolute right to an interpreter. Rather, ADA regulations only require "appropriate auxiliary aids and services where necessary to afford individuals with disabilities" equal access. 28 C.F.R. § 35.160(b)(1). "The type of auxiliary aid or service necessary to ensure effective communication will vary" according to the circumstances. 28 C.F.R. § 35.160(b)(2). Examples of appropriate auxiliary aids and services include "written materials" and the "exchange of written notes." 28 C.F.R. § 35.104(1).

It is true that a public entity must "give primary consideration to the requests of individuals with disabilities" when determining what type of auxiliary aids and services are necessary under the circumstances. 28 C.F.R. § 35.160(b)(2). However, a public entity "is not required to meet those exact requests. What is required by the ADA . . . is an alternative which allows disabled persons to communicate as effectively as a non-disabled person." *Tucker v. Tennessee*, 539 F.3d 526, 541 (6th Cir. 2008) (citing 28 C.F.R. § 35.160), *abrogated on other grounds by Anderson v. City of Blue Ash*, 798 F.3d 338 (6th Cir. 2015)).

In this context, a public entity's only obligation under the ADA is to provide an accommodation that is "reasonable under the circumstances" and that provides for "a means of communication that [is] as effective as that provided to non-disabled persons." *Id.* at 539.

Plaintiff's allegations do not support a plausible inference that he was denied the right to an effective means of communication or meaningful access to the Municipal Court's services. Although he complains his initial requests for an interpreter were "either ignored or denied"

7

(Doc. 25 at 3), and he was treated disrespectfully by court staff prior to his June hearing, he does not allege he was unable to understand or confused about any information communicated to him (either orally, in writing, or through the described phone based application) by court personnel due to the lack of an ASL interpreter at any time. Further, he does not dispute he was afforded the specific accommodation he requested when all substantive proceedings in his case took place.

While the circumstances and Plaintiff's treatment prior to his June hearing may not have been ideal, were not what he requested, and he may have been treated disrespectfully, his Complaint does not allege any facts suggesting the circumstances were insufficient for him to understand court procedures and communicate effectively with court personnel regarding substantive issues, or that he suffered any specific injury and "that is all that matters." *See Shaffer v. City of Columbus*, 444 F. Supp. 3d 872, 883 (S.D. Ohio 2020) (holding a plaintiff failed to present triable ADA and Rehabilitation Act claims where the plaintiff complained "generally about the lack of a specific accommodation in the form of not receiving an interpreter" but did not present facts indicating "any concrete injury" or "that an interpreter would have materially changed the situation," and the plaintiff was able to communicate effectively through the exchange of written notes); *see also Tucker*, 539 F.3d at 537 ("In essence, the Tuckers . . . ask this Court to find strict liability simply because the jail failed to provide exactly the auxiliary device they requested—a TTY phone. This is not the law."); *cf. Center v. City of West Carrollton*, 227 F. Supp. 2d 863, 870 (S.D. Ohio 2002) (finding a hearing-impaired plaintiff presented triable claims where she provided evidence she was not proficient at written English and "further evidence that she was unable to communicate effectively with [the officer],

despite his belief that she was able to convey information about her case and that he could understand her").

Plaintiff's allegations are similar to those presented by *Shaffer* and *Tucker*. The Court finds his Complaint fails to state a plausible federal claim under the ADA, the Rehabilitation Act, or § 1983[4] because he has not alleged facts sufficient to support a plausible inference that he was deprived of his rights or that any Defendant caused him to be excluded from participation in or denied him the benefits of the Municipal Court's services.[5]

Plaintiff's Motion for leave to file a Second Amended Complaint (Doc. 28) is also denied. The only significant change his proposed Second Amended Complaint makes is to add the City of Kenton as a Defendant. The Federal Civil Rules provide that leave to amend should be given "freely" and "when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, a request may be denied if it would be futile, *i.e.*, if the amended complaint would not withstand a motion to dismiss for failure to state a claim." *Doe v. Michigan State Univ.*, 989 F.3d 418, 427 (6th Cir. 2021) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). Plaintiff's request to file a Second Amended Complaint (Doc. 28-1) is futile because it does not set forth allegations altering the Court's above conclusion that he fails to state a plausible federal claim upon which he may be granted relief.

#### CONCLUSION

For the foregoing reasons, good cause appearing, it is

---

4. Plaintiff fails to state a Fourteenth Amendment access-to-courts claim under § 1983 for the same reasons as his ADA and Rehabilitation Act claims: he was not excluded from any proceeding or denied effective access to the courts.
5. Defendants set forth other valid bases for dismissal of portions of Plaintiff's Complaint in their motions to dismiss (including on the bases of sovereign and judicial immunity and lack of *sui juris* status). It is not necessary, however, for the Court to address the additional grounds because the Court finds Plaintiff's Complaint subject to dismissal against all Defendants for the above-stated reasons.

ORDERED that Plaintiff's Motions for Default (Docs. 19 & 20) be, and the same hereby are, DENIED; and it is

FURTHER ORDERED that Defendants' Motions to Dismiss (Docs. 24 & 27) be, and the same hereby are, GRANTED, and this action is DISMISSED, as against all Defendants, pursuant to Fed. R. Civ. P. 12(b)(6); and it is

FURTHER ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 28), be and the same hereby is, DENIED; and it is

FURTHER CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: January 12, 2026